In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-1332

DARNELL E. COLE,

*Plaintiff-Appellant*,

*v.*

MILWAUKEE AREA TECHNICAL COLLEGE
DISTRICT, et al.,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 09-C-0278—**Patricia J. Gorence**, *Magistrate Judge*.

ARGUED DECEMBER 8, 2010—DECIDED FEBRUARY 24, 2011

Before FLAUM and WOOD, *Circuit Judges*, and
MCCUSKEY, *District Judge*.[*]

MCCUSKEY, *District Judge*. In February 2009, Plaintiff
Darnell E. Cole was terminated from his employment as
president of the Milwaukee Area Technical College.

[*] The Honorable Michael P. McCuskey, United States District
Court for the Central District of Illinois, sitting by designation.

Plaintiff filed a complaint against Defendants, Milwaukee Area Technical College District (College) and Milwaukee Area Technical College District Board (Board) pursuant to 42 U.S.C. § 1983. He later filed an Amended Complaint, also pursuant to § 1983, and alleged that Defendants terminated his employment in violation of his due process rights and in violation of his right to equal protection. The parties consented to proceeding before United States Magistrate Judge Patricia J. Gorence.

The district court granted Defendants' motion to dismiss Plaintiff's due process claim but denied the motion to dismiss Plaintiff's equal protection claim. The parties stipulated to the dismissal, with prejudice, of Plaintiff's equal protection claim. Plaintiff then filed a timely notice of appeal, challenging the district court's dismissal of his due process claim. We affirm.

FACTS

The College is a technical college organized and existing under Wisconsin law. It is controlled by the Board. In 2001, the Board hired Plaintiff as the College's Director, a position more commonly known as the College's president. On October 4, 2006, Plaintiff entered into a new employment agreement for the term of July 1, 2006 to June 30, 2009. The employment agreement was amended on July 3, 2008 to extend the term of Plaintiff's employment to June 30, 2011. Plaintiff attached a copy of the employment agreement to his Amended Complaint.

Plaintiff's employment agreement included paragraph 10 which was entitled "Termination of Agreement." Para-

graph 10(a) provided, in pertinent part, that Plaintiff's employment could be terminated, "in the BOARD'S sole discretion," at the end of any month in which he engaged in "[p]erformance or conduct considered grounds for dismissal by the BOARD." Paragraph 10(e) provided that the Board "may, at its option, and with a minimum of ninety (90) days notice to [Plaintiff], unilaterally terminate this Agreement." Paragraph 10(e) provided that, if the Board unilaterally terminated the Agreement under this paragraph, it would pay Plaintiff severance pay consisting of "all of the aggregate salary and accrued vacation he would have earned through the total term of the Employment Agreement as well as pay fringe benefits . . . ."

On February 9, 2009, Plaintiff was arrested by the Milwaukee County Sheriff's Department and issued municipal ordinance violations for Operating While Intoxicated and Operating with a Prohibited Alcohol Concentration. After the College learned of Plaintiff's arrest, Plaintiff was interviewed as part of the College's internal investigation of the incident. The interview was conducted by outside counsel for the College. At the interview, Plaintiff was informed that counsel was a "fact finder" for the College regarding the incident.

Plaintiff was told that the Board would meet on February 19, 2009, to consider what, if any, discipline would be taken against him regarding his arrest and the events of February 8-9, 2009. At the closed hearing on February 19, 2009, the Board heard a report by outside counsel regarding his interview with Plaintiff. In addi-

tion, although Plaintiff had not been notified that other matters would be considered, the Board heard allegations that Plaintiff had attempted to delay publication of an editorial in the College's student newspaper. After a closed session, the Board voted 6-3 in favor of terminating Plaintiff's employment agreement effective February 28, 2009.

## ANALYSIS

We review de novo the district court's grant of Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's due process claim. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). In doing so, we construe the Amended Complaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor. *Id.* at 771. We will affirm the district court if the complaint fails to include sufficient facts "to state a claim for relief that is plausible on its face." *Id.* at 771, quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The consideration of a Rule 12(b)(6) motion is restricted to the pleadings, which consist here of the complaint, any exhibits attached thereto, and the supporting briefs. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Plaintiff has argued on appeal that the district court improperly dismissed his procedural and substantive due process claims. This court notes that Plaintiff's Amended Complaint alleged a violation of his due process rights and did not include a specific substantive

due process claim. Plaintiff's due process claim was based upon his allegation that his employment agreement "created a constitutional property right in his continued employment as President." In his Brief, Plaintiff acknowledged that his "due process claims arise out of his property right in continued employment" at the College. Therefore, it is clear that Plaintiff's procedural and substantive due process claims are contingent upon his contention that he had a protectable property interest in continued employment.

As the district court correctly recognized, in any due process case where the deprivation of property is alleged, the threshold question is whether a protected property interest actually exists. *Buttitta v. City of Chicago*, 9 F.3d 1198, 1201 (7th Cir. 1993); see also *Khan v. Bland*, ___ F.3d ___, 2010 WL 5185838, at *15 (7th Cir. Dec. 23, 2010). To have a protectable property interest in a benefit, such as continued employment, a plaintiff must have more than an "abstract need or desire for it" and more than a "unilateral expectation of it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Instead, a plaintiff must have a "legitimate claim of entitlement to it." *Id.* at 577.

The determination whether a particular job action against a public employee implicates a constitutionally protected property interest is a question of law. *Barrows v. Wiley*, 478 F.3d 776, 780 (7th Cir. 2007). Property interests are not created by the Constitution but rather "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Roth*, 408 U.S. at 577.

In the employment context, a plaintiff generally is required to show that the terms of his employment provide for termination only "for cause" or otherwise evince "mutually explicit understandings" of continued employment. *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003), quoting *Perry v. Sindermann*, 408 U.S. 593, 601 (1972); see also *Colburn v. Trs. of Ind. Univ.*, 973 F.2d 581, 589 (7th Cir. 1992). A property interest in employment is "created and defined by the terms of [the employee's] appointment." *Roth*, 408 U.S. at 578. "Property interests exist when an employer's discretion is clearly limited so that the employee cannot be denied employment unless specific conditions are met." *Colburn*, 973 F.2d at 589-90.

Under Wisconsin law, "a dichotomy exists between employment 'at-will' and employment which can be terminated only 'for cause.'" *Beischel v. Stone Bank School Dist.*, 362 F.3d 430, 436 (7th Cir. 2004). Employment which can be terminated only "for cause" receives due process protections. *Id.* at 436. In *Beischel*, the plaintiff sued after her two-year contract was not renewed. In challenging the non-renewal, the plaintiff relied upon a provision in her contract which stated that the contract was governed by Wisconsin statutes which set out procedures to be followed for renewal and non-renewal. *Id.* at 435-46. This court concluded the plaintiff's employment contract did not provide she could be terminated only "for cause" and therefore fell in the "gray area" between "the two poles set up in Wisconsin law." *Id.* at 436. This court noted that there were "no statutory limitations as to the bases on which the nonrenewal decision can rest." *Id.* at 436. This court

therefore determined the plaintiff "did not have a legitimate expectation that her employment would continue beyond the 2-year term of her contract." *Id.* at 436. Accordingly, we held that the plaintiff could not recover based upon the denial of her right to due process. *Id.* at 436.

In *Fittshur v. Vill. of Menomonee Falls*, 31 F.3d 1401 (7th Cir. 1994), the plaintiff claimed he was denied due process when his employment was terminated after more than 20 years of employment with the Village. In claiming a property interest in his continued employment, the plaintiff relied on a rule which provided that the Village manager had the authority to discharge an employee of the Village "when necessary for the good of the Village service." *Id.* at 1405. The plaintiff claimed this language gave rise to something more than at-will employment which meant he had a property interest in his employment. *Id.* at 1406. This court disagreed. We held that this rule did not create a protectable property interest in the plaintiff's employment with the Village because the rule did "not restrict the village manager's discretion in any meaningful way." *Id.* at 1406. In *Fittshur*, we stated that the language of the rule rendered "any interest in employment with the Village at best uncertain" and did "not create a property interest." *Id.* at 1406-07.

From our review of the record, we hold that the clear, unambiguous language of Plaintiff's employment agreement gave the Board discretion to terminate his employment based on any "conduct" the Board considered grounds for dismissal. The parties' agreement did not

No. 10-1332

restrict the Board's discretion in any meaningful way. Accordingly, we agree with Defendants that Plaintiff's employment agreement placed Plaintiff squarely in the "gray area" between at-will employment and employment which could only be terminated for cause. Employees in this "gray area" do not normally have a protectable property interest in continued employment. See *Beischel*, 362 F.3d at 436; *Fittshur*, 31 F.3d at 1405-07. The burden is on the plaintiff to point to the criteria that might cabin the Board's discretion. Here, Plaintiff has not carried that burden; the discretionary standard in Plaintiff's employment agreement cannot be read to give Plaintiff a "legitimate claim of entitlement" to continued employment under *Roth*.

In his appeal, Plaintiff pointed out that his employment agreement gave the Board unfettered discretion to terminate his employment unilaterally for no reason in paragraph 10(e), which required the Board to pay Plaintiff salary and benefits for the time remaining under the terms of the agreement. Plaintiff argued that paragraph 10(b) cannot be read to allow the Board unfettered discretion to terminate his employment unilaterally for no reason because the court must "giv[e] a reasonable meaning to every provision of the contract" and avoid "leaving some of the language useless or superfluous." See *Foskett v. Great Wolf Resorts, Inc.*, 518 F.3d 518, 525 (7th Cir. 2008), quoting *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999). Plaintiff argues that any interpretation of paragraph 10(b) as authorizing the termination of his employment at will renders paragraph 10(e) superfluous. Plaintiff claims that paragraph

10(b) must therefore be construed to provide that his employment could be terminated only based upon performance or conduct which constituted just cause for his dismissal. We disagree.

Plaintiff is not correct that paragraph 10(e) makes paragraph 10(b) superfluous unless it is read to provide that Plaintiff could only be terminated based upon just cause. Plaintiff's termination under paragraph 10(b) was based upon "conduct" which the Board, in its sole discretion, determined was grounds for dismissal. It was not a unilateral termination, with no reason needed, under paragraph 10(e).

Plaintiff has not alleged a situation where the Board was using paragraph 10(b) to effectuate an "end run" around paragraph 10(e) and avoid the paragraph 10(e) requirement to pay compensation for the remainder of the term of the agreement. Plaintiff plainly alleged that he was arrested and issued municipal ordinance citations for operating while intoxicated and operating with a prohibited alcohol concentration and was subsequently terminated. The Board, in its sole discretion, determined that Plaintiff's "conduct" was grounds for dismissal and terminated his employment. This was clearly allowed under the plain and unambiguous terms of the agreement Plaintiff agreed to and signed. The agreement, as written, simply does not create a "legitimate claim of entitlement" to continued employment, despite Plaintiff's lengthy and strident arguments to the contrary.

We conclude, as a matter of law, that Plaintiff did not have a constitutionally protected property interest in this

case. Accordingly, we affirm the dismissal of his due process claim. Because of our holding on this issue, we need not consider Plaintiff's additional arguments regarding the denial of his due process rights.

For the reasons stated, the ruling of the district court is AFFIRMED.