In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2658

BLAINE R. KVAPIL,

*Plaintiff-Appellant,*

*v.*

CHIPPEWA COUNTY, WISCONSIN, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 11-CV-0402-wmc — **William M. Conley**, *Chief Judge.*

ARGUED MAY 23, 2014 — DECIDED JUNE 9, 2014

Before BAUER and EASTERBROOK, *Circuit Judges*, and
ST. EVE, *District Judge.**

ST. EVE, *District Judge.* On January 2, 2012, Plaintiff Blaine
Kvapil ("Kvapil") filed an Amended Complaint alleging
that he had a protected property interest in his seasonal
work with Chippewa County's Highway Department and
that Defendants violated his Fourteenth Amendment proce-

* The Honorable Amy J. St. Eve, of the United States District Court for
the Northern District of Illinois, sitting by designation.

dural due process rights when they suspended him and terminated his employment without affording him notice or an opportunity for a hearing. On May 11, 2012, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) that the district court granted on June 26, 2013. The district court entered judgment on June 27, 2013, and Kvapil filed this appeal. We affirm the ruling of the district court.

## I. BACKGROUND

The Chippewa County Highway Department employed Kvapil as a seasonal employee from June 5, 2006, until June 27, 2008. Chippewa County is a municipal corporation organized and existing under Wisconsin law. At the time of Kvapil's termination, Defendant William Reynolds ("Reynolds") was the Chippewa County Administrator, Defendant Douglas Clary ("Clary") was the Chippewa County Planning and Zoning Administrator, and Defendant Bruce Stelzner ("Stelzner") was the Chippewa County Highway Commissioner.

After Chippewa County hired Kvapil as a seasonal worker in the spring of 2006, he completed the Chippewa County New Employee Orientation for Limited Term Employees Form that advised him of Chippewa County's work rules, harassment policy, and employee handbook. In addition, Kvapil acknowledged receiving the Chippewa County Employment Handbook by signing a receipt that stated:

> This employee handbook has been prepared for information purposes only. None of the statements, policies, procedures, rules or regulations contained in this handbook constitutes a guarantee of employ-

ment, a guarantee of any other rights or benefits, or a contract of employment, express or implied.

Unless noted in the collective bargaining agreements or working agreement, all county employees are employees at will, and employment is not for any definite period. Termination of employment may occur at any time at the option of Chippewa County.

The Chippewa County Employment Handbook also contained a provision entitled "At Will Employment" stating: "All employees of the County are 'at will' employees. Based upon this, employment can be terminated by either the County or the employee, at will, with or without cause, and with or without notice, at any time."

Kvapil's long-standing dispute with the Chippewa County Planning and Zoning Department gives context to this appeal. Kvapil, who resides in Chippewa Falls, Wisconsin, also owns several acres of real property in the Town of Wheaton, which is also located in Chippewa County. From 2000 until 2008, Clary, as the County Planning and Zoning Administrator, contacted Kvapil about Kvapil storing unlicensed and inoperable vehicles on his Wheaton property that was zoned for agricultural purposes. In June 2000, for example, Clary sent Kvapil a letter stating that the Planning and Zoning Department had information regarding vehicles on Kvapil's property and that the certain zoning ordinances prohibited storage of these vehicles. Similarly, between 2000 and 2004, the Planning and Zoning Department sent Kvapil letters that his property was not in compliance with the relevant zoning ordinances. In response, Kvapil claimed that his property was in compliance, but repeatedly denied officials access to the Wheaton property for verification.

During the ongoing zoning dispute, Kvapil made numerous threats to Clary, including, but not limited to, the following:

- June 7, 2000, Kvapil stated he would be setting up bear and booby traps all over his property, that if he caught Clary on his property he would be in big trouble, and that Clary did not want to mess with him.
- On November 7, 2001, Kvapil told Clary not to tell him what he could or could not do with his property and that if he found Clary on his property, he would break his legs.
- On May 2, 2003, Kvapil went to the Planning and Zoning Department Office. After being told that Clary was not there, he raised his voice and stated "What, do I have to go to his fucking house?" Kvapil continued swearing and then left the office.
- On January 28, 2004, Kvapil called the Planning and Zoning Department Office asking for "Asshole," referring to Clary. Kvapil then demanded that Clary stop harassing him and stated that Clary was harassing the wrong person.

In January 2004, Clary wrote a memorandum to the Chippewa County Board Chair discussing Kvapil's abusive behavior. Two years later in January 2006, the Planning and Zoning Department sent another letter to Kvapil about his property explaining that Clary would issue citations if Kvapil did not removed the vehicles or demonstrate that they were licensed and operable.

Approximately two years after the Planning and Zoning Department had last attempted to enforce the relevant ordinance, the Planning and Zoning Department sent Kvapil an-

other letter. In that letter, Clary stated that he viewed the Wheaton property from the road on April 9, 2008, and observed: (1) approximately 17 unlicensed or inoperable vehicles; (2) scrap metal dumpsters being used for a non-permitted salvage yard; and (3) that the property was being used as a base for a snow-plowing and landscaping business that the County had not approved. The letter further explained to Kvapil that he had 30 days to either bring the property into compliance or obtain a conditional use permit.

After Kvapil failed to comply with the ordinance as directed by the May 7 letter, a judge issued a warrant to search Kvapil's property on June 13, 2008, after which Clary and a County Sheriff's deputy searched the Wheaton property. As a result of the inspection, the County issued Kvapil a citation for violating Chippewa County Ordinance 70–128 for having custody of inoperative motor vehicles on his property, including snowmobiles and lawn tractors. Two weeks later, the County issued Kvapil a second citation for violating the same ordinance.

On the day of the property inspection, June 13, 2008, Kvapil visited the Planning and Zoning Department's Office demanding the documents supporting the search warrant. Thereafter, Kvapil began to fill out a public records request. Clary approached Kvapil while he was filling out the request, at which time Kvapil asked for the information that was the basis of the search warrant. Clary gave him a copy of the signed warrant and explained to Kvapil that the supporting affidavit provided the reasons for the warrant. An argument ensued and Kvapil demanded to know when Clary would start enforcing the junk vehicle ordinances against other property owners and began listing owners he

believed were in violation of the junk vehicle ordinances. According to Kvapil, Clary threatened him. Kvapil then became hostile, tore up the warrant, threw it at Clary, and said "you're going down."

Clary immediately spoke with Chippewa County Administrator William Reynolds about Kvapil's threat and his history of threatening and abusive behavior towards Clary and members of the Planning and Zoning Department. On June 16 and 17, 2008, Reynolds, Chippewa County's Highway Commissioner Bruce Stelzner, and Chippewa County's Human Resources Manager exchanged emails about what course of action they should take in response to Kvapil's June 13 threat to Clary. Reynolds initiated the email exchange informing them that "Kvapil made what I consider to be the latest in a long line of threats to Doug Clary" and that the County "has a zero tolerance policy towards any violence or threat of violence."

Stelzner decided to suspend Kvapil for one day. In a letter dated June 18, 2008, Stelzner explained to Kvapil that the County was suspending him for one day without pay because Kvapil's June 13 interaction with Clary violated certain County Ordinances, including the County's zero-tolerance policy regarding threats and violence. Also, the letter notified Kvapil that further infractions would subject him to more severe discipline, up to and including discharge. Stelzner gave Kvapil the letter during a meeting with Kvapil and his union representative.

On June 25, 2008, the director of Chippewa Rivers Industries ("CRI"), a company that Chippewa County owns, emailed Stelzner stating that he received a report that a CRI truck had run a private citizen off the road at approximately

1:45 p.m. on June 25, 2008, somewhere around Highways 12 and AA. In a subsequent email, CRI's director stated that based on the record of the drivers' times and locations, he had determined that Kvapil was the driver. After investigating the matter, Stelzner decided to terminate Kvapil's employment.

On June 27, 2008, Stelzner issued Kvapil a letter notifying him of his termination as a result of the driving incident, as well as his violations of the County's personnel ordinances and the Highway Department's work rules. Stelzner's letter cited Chippewa County Ordinance § 48.62(8), disrespect to clients or the public; § 48.62(2), willful or negligent use of county equipment; and § 48.62(13), repeated poor work performance. Stelzner gave the letter to the Assistant Highway Commissioner to deliver to Kvapil.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo and construe all facts and reasonable inferences in the light most favorable to the non-moving party, in this matter, Kvapil. *See Wilson v. Cook County*, 742 F.3d 775, 779 (7th Cir. 2014); *Hussey v. Milwaukee County*, 740 F.3d 1139, 1142 (7th Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting Fed.R.Civ.P. 56(a)). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to

the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing that no genuine dispute exists as to any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

### III. ANALYSIS

On appeal, Kvapil argues that he had a protected property interest in his seasonal employment with Chippewa County's Highway Department and that Defendants' suspension and termination of his employment without notice or an opportunity for a hearing violated his Fourteenth Amendment due process rights.[1] "[T]o determine whether due process requirements apply in the first place" courts "must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570–71(1972); *see also Citizens Health Corp. v. Sebelius*, 725 F.3d 687, 694 (7th Cir. 2013) ("the threshold question in any due process challenge is whether a protected property or liberty interest actually exists."). A protected property interest is a legitimate claim

---

[1] Kvapil's Fourteenth Amendment procedural due process claim is against the individual Defendants Stelzner, Reynolds, and Clary. Although Kvapil maintains that this claim is also against Chippewa County, "local governments can be held liable for constitutional deprivations only when the complaint is about governmental custom, practice, or policy." *Richardson v. Lemke*, 745 F.3d 258, 282 (7th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 691-92 (1978)). At summary judgment, Kvapil did not argue that Chippewa County had a custom, practice, or policy that was the moving force behind the deprivation of his procedural due process rights nor has he made any such arguments on appeal.

of entitlement, not defined by the Constitution, but "by existing rules or understandings that stem from an independent source such as state law." *Roth,* 408 U.S. at 577. In other words, "where state law gives people a benefit and creates a system of nondiscretionary rules governing revocation or renewal of that benefit, the recipients have a secure and durable property right, a legitimate claim of entitlement." *Chicago United Indus., Ltd. v. City of Chicago,* 669 F.3d 847, 851 (7th Cir. 2012) (quoting *Cornelius v. LaCroix,* 838 F.2d 207, 210–11 (7th Cir. 1988)).

"As a general rule, a government employee who may be discharged only for cause has a constitutionally protected property interest in her position and may not be removed from it without due process." *Schulz v. Green County, State of Wis.,* 645 F.3d 949, 952 (7th Cir. 2011). Put differently, "[i]n the employment context, a plaintiff generally is required to show that the terms of his employment provide for termination only 'for cause' or otherwise evince 'mutually explicit understandings' of continued employment." *Cole v. Milwaukee Area Tech. Coll. Dist.,* 634 F.3d 901, 904 (7th Cir. 2011). In Wisconsin, "[e]mployment which can be terminated only 'for cause' receives due process protections." *Id.*; *see also Listenbee v. Milwaukee,* 976 F.2d 348, 351 (7th Cir. 1992).

First, we focus on whether Kvapil was an at-will employee or if Chippewa County could terminate his employment only "for cause." *See Cole,* 634 F.3d at 904; *Dixon v. City of New Richmond,* 334 F.3d 691, 694 (7th Cir. 2003). "Wisconsin has a strong presumption in favor of employment at-will." *Thelen v. Marc's Big Boy Corp.,* 64 F.3d 264, 269 (7th Cir. 1995); *see also Strozinsky v. School Dist. of Brown Deer,* 237 Wis.2d 19, 38, 614 N.W.2d 443 (Wis. 2000) ("Wisconsin, like many

states, adheres to the doctrine of employment-at-will."); *Hausman v. St. Croix Care Ctr.*, 214 Wis.2d 655, 663, 571 N.W.2d 393 (Wis. 1997) ("The employment-at-will doctrine is an established general tenet of workplace relations in this jurisdiction."). Also, under Wisconsin law, "at-will employees are terminable at will, for any reason, without cause and with no judicial remedy." *Bammert v. Don's Super Valu, Inc.*, 254 Wis.2d 347, 353, 646 N.W.2d 365 (Wis. 2002).

Construing the facts and all reasonable inferences in Kvapil's favor, he has failed to present sufficient evidence raising a triable issue of fact that he was not an at-will employee. Not only was Kvapil on notice that the he was an at-will employee when he signed the receipt to the Chippewa County Employment Handbook in the spring of 2006 that unequivocally stated that "all county employees are employees at will," but at his April 25, 2012, deposition, Kvapil admitted that he was an at-will employee. Further, at oral argument, Kvapil admitted that he did not have an employment contract and undisputed evidence in the record establishes that as a seasonal employee, there was no guarantee that the County would call back Kvapil from year to year.

Nevertheless, Kvapil argues that Chippewa County Ordinance § 48.62 creates a property interest in his seasonal employment. The ordinance, entitled "Work Rules", states in its entirety:

> An employee may be disciplined for just cause including, but not limited to, the following infractions of work rules. The following list provides some examples. Individual departments may have additional written rules. Discipline for viola-

tions varies according to degree, but may include verbal warning, written reprimand, suspension without pay, or discharge.

> (1) Zero tolerance as it pertains to:
>
>> (a) Reporting to work under the influence of alcohol/illegal drugs (Blood Alcohol level of .01 or higher).
>>
>> (b) Consumption of alcohol/illegal drugs during scheduled work period.
>>
>> (c) Possession or sale of alcohol/illegal drugs on County premises.
>
> (2) Willful or negligent misuse of County equipment or property.
>
> (3) Theft or destruction of County equipment or property.
>
> (4) Carrying and/or use of any object as a weapon on County premises, except law enforcement personnel.
>
> (5) Dissemination or disclosure of confidential material or information, except to persons specifically authorized by law to receive same.
>
> (6) Non-enforcement of County policies, regulations or any other written regulations, ordinances or laws.
>
> (7) Non-compliance with County ordinances or written departmental rules or procedures.

(8) Creating a disturbance on the work premises by fighting or other conduct which adversely affects morale, production, or maintenance of proper discipline.

(9) Disregard or repeated violations of safety rules and regulations.

(10) Performing personal work during regularly scheduled work period.

(11) Falsifying or refusing to give testimony when accidents are being investigated.

(12) Falsifying reports or records.

(13) Repeated poor work performance.

(14) Documented decline in the performance of assigned duties.

(15) Habitual tardiness, unauthorized or excessive absence or abuse of sick leave.

(16) Falsifying pay records.

(17) Insubordination or refusal to comply with work orders of an authorized supervisor.

(18) Violation of rules governing political activities or nepotism.

(19) Sexual or any other harassment.

The above does not constitute a complete list of the rules in which employees are expected to conform. Various employment jurisdictions have ad-

ditional rules to the above list (Sheriff's Department, Highway and Courthouse.)

At oral argument, Kvapil told us that the list of work rules in § 48.62 is of no moment, but instead, that the phrase "may be disciplined for just cause" creates a property interest in his seasonal employment because "just cause" is a term of art, and that under the canons of statutory construction, courts must reject any statutory interpretation that renders terms superfluous. By making this argument, Kvapil asks us to view the term "just cause" in a vacuum, ignoring the permissive language in the ordinance and the ordinance's purpose. *See United States v. Balint*, 201 F.3d 928, 933 (7th Cir. 2000) (statutory "interpretation is guided not just by a single sentence or sentence fragment, but by the language of the whole law, and its object and policy.").

Viewing Chippewa County Ordinance § 48.62 as a whole, it governs the disciplining of County employees. The ordinance gives a non-exhaustive list of work rules, that, if violated, could lead to certain disciplinary actions, including verbal warnings, written reprimands, suspension without pay, or discharge. It makes clear that the list of work rule infractions justifying discipline provides "some examples." Also, the ordinance allows for the different Chippewa County departments, such as the Highway Department where Kvapil worked, to add work rules to the list. Chippewa County Ordinance § 48.63, entitled "Discipline Recommended", gives further guidance to administering the County-wide work rules highlighted in § 48.62. Accordingly, we agree with the district court that Chippewa County Ordinances §§ 48.62 and 48.63 are procedural guidelines for Chippewa County supervisors to facilitate consistent disci-

pline County-wide. These ordinances do not provide Kvapil with a legitimate claim of entitlement to continued employment. *See Roth*, 408 U.S. at 577.

Chippewa County Ordinance § 48.62 does not contain language providing for the benefit of continued employment nor does it create a system of nondiscretionary rules governing the revocation or renewal of that benefit. Instead, it sets forth guidelines for discipline, and along with § 48.63, governs disciplinary procedures in Chippewa County. *See Miyler v. Village of East Galesburg,* 512 F.3d 896, 898 (7th Cir. 2008) ("statute which merely provides procedures to be followed does not include a substantive right."). Thus, although the ordinance contains the magic words "for just cause," albeit qualified by the permissive term "may," the ordinance does not set forth explicit mandatory language providing a legitimate claim of entitlement to continued employment—it merely explains how the County may discharge an employee. *See Cain v. Larson,* 879 F.2d 1424, 1426 (7th Cir. 1989) ("[i]f a statute or regulation merely delimits what procedures must be followed before an employee is fired, then it does not contain the requisite substantive predicate" giving rise "to a constitutionally protected property interest."). In sum, Chippewa County Ordinance § 48.62 does not set forth a promise of continued employment in the absence of cause for discharge.

What is left is Kvapil's claim that the County should have afforded him a hearing, namely, an opportunity to give his side of the story regarding the reasons for his suspension and termination. Without a property interest in his seasonal employment, this remaining argument boils down to the contention that Chippewa County did not follow its own

procedures when it suspended and ultimately terminated Kvapil's employment. A local government's failure to follow its own procedural rules, however, does not violate due process. *See Scott v. Village of Kewaskum*, 786 F.2d 338, 342 (7th Cir. 1986); *see also Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.").

Finally, because Kvapil has failed to establish a deprivation of a constitutional right, we need not address the individual Defendants' qualified immunity arguments. *See Mann v. Vogel*, 707 F.3d 872, 883 (7th Cir. 2013).

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.