| NONPRECEDENTIAL DISPOSITION |
| --- |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2015[*]
Decided March 12, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-3320

| | |
| --- | --- |
| NAN WEI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | Nos. 4:11-cv-04028 & 4:11-cv-04034 |
| | |
| DEERE & COMPANY, | Sara Darrow, |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

Nan Wei, a 75-year-old engineer at Deere & Company, sued his employer under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, claiming discrimination and retaliation on the basis of his age. Wei asserted that Deere had falsely accused him of violating its policies for reporting expenses, which led to a three-year

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

travel prohibition and denial of a bonus. He also alleged that Deere had later retaliated against him by changing his job description and replacing him with a younger manager on three projects. Wei filed in state court an identical lawsuit, which Deere removed to federal court. The suits were consolidated, and the district court granted summary judgment for Deere. Wei appeals that decision, but we agree with the district court that a jury could not reasonably find for him on either of his claims.

We review the evidence in the light most favorable to Wei, the party opposing summary judgment. *See Kvapil v. Chippewa County, Wis.*, 752 F.3d 708, 712 (7th Cir. 2014). For the most part, the facts are undisputed. Wei has worked as an engineer at Deere since 2000, and during the first nine years he spent up to 80% of his time in China. Deere reimburses its employees for many expenses while abroad, including medical care, transportation, lodging, and meals. The company also gave "hardship pay" to employees required to stay overnight in certain locations, but that practice was discontinued in 2008. Deere used separate systems for seeking hardship pay and reimbursement for medical care and travel expenses.

In January 2010 Deere began auditing Wei's expense reports after his new supervisor, Kathy Harmon, questioned one report and learned from Wei that he routinely mischaracterized other expenses as meals to shortcut the reimbursement process. Wei then confessed to a Human Resources employee that for several years he also had padded his meal costs by about $10 per day instead of requesting authorized—but taxable—hardship pay. Wei told the HR employee that he knew this tactic was improper. Around the same time, Deere was investigating an accusation that Wei had violated company policy by sharing a hotel room in China with a female subordinate.

Deere completed its investigation in March 2010. The company concluded that Wei had falsified numerous expense reports, but he was cleared of inappropriate involvement with his subordinate. These findings are detailed in a letter sent to Wei that same month. As discipline Deere barred Wei from foreign travel, denied him a bonus for 2010, and reduced his responsibility for projects outside the United States.

Wei had a lawyer when he filed suit in April 2011. During the next two years, as discovery progressed on Wei's claim of age discrimination, his colleagues made several comments that he construed as motivated by his age. At a "retirement coffee gathering," Wei says, a manager asked when he would retire, and during another meeting a colleague told Wei that both of them ought to retire soon. And in August 2011, while

discussing with Wei his recent purchase of a used car, Harmon asked, "Is your wife also old and used?" Then in 2013 Harmon replaced Wei with a younger manager on three projects and changed his title from "project staff engineer" to "staff engineer manufacturing." Less education is needed for the latter position, Wei says, and thus the change was a demotion. In June of that year he amended his complaint to add a claim that Harmon's actions were retaliation for "exercising his rights" under the ADEA.

The parties filed cross-motions for summary judgment. Wei relied on the direct method of proof, and in ruling for Deere the district court concluded that his circumstantial evidence of age discrimination—Deere's investigation and imposition of travel restrictions when he was 70 years old, coworkers' remarks about retirement and his wife's age, and Harmon's reassignment of several projects to a younger manager—was too little to prevail. Nor could a jury reasonably find that Deere had retaliated, the court explained, since by the time Harmon reassigned three of Wei's projects to a new manager, Wei's administrative complaint of age discrimination was more than two years old, too long to infer a causal connection. On appeal Wei insists that both of his claims should have gone to a jury.

On his discrimination claim, Wei asserts that Deere's audit of his expense reports and contemporaneous investigation into whether he shared a hotel room with a subordinate were pretexts for discrimination. The ADEA prohibits taking adverse employment actions against workers 40 or older based on age. 29 U.S.C. §§ 623(a)(1), 631(a); *Ripberger v. Corizon, Inc.*, 773 F.3d 871, 880 (7th Cir. 2014); *Martino v. MCI Comms. Servs., Inc.*, 574 F.3d 447, 452 (7th Cir. 2009). Wei presented his claim under the direct method, which required direct or circumstantial evidence that his age was the but-for cause of an adverse employment action. *See Ripberger*, 773 F.3d at 880; *Hutt v. AbbVie Prods. LLC*, 757 F.3d 687, 691 (7th Cir. 2014); *Andrews v. CBOCS West, Inc.*, 743 F.3d 230, 234 (7th Cir. 2014). Circumstantial evidence may include ambiguous statements, comments to coworkers in the protected group, evidence that similarly situated employees outside the protected group received systematically better treatment, and evidence that the employer's reasons for taking an adverse action were pretexts for discrimination. *Hutt*, 757 F.3d at 691; *Atanus v. Perry*, 520 F.3d 662, 671–72 (7th Cir. 2008). But whatever the evidence, it must point to intentional discrimination. *Martino*, 574 F.3d at 452; *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1061 (7th Cir. 2003).

We agree with the district court that a jury could not reasonably infer that Deere's investigation and resulting discipline were pretexts for, or the result of, age discrimination. At his deposition Wei admitted that he had falsified the cost of some

meals and often grouped multiple meals when reporting his expenses. And in statements to Harmon and an HR employee he acknowledged masking other expenses as meals. Employees who had traveled with him verified that they had paid for one or more of Wei's meals on some days for which he sought reimbursement for three meals. Deere's letter to Wei in March 2010 explains that these admissions to Harmon and the HR employee motivated the company's disciplinary actions. Wei did not provide evidence from which a trier of fact could find that Deere's investigation or resulting discipline were pretexts for age discrimination.

On his retaliation claim, Wei does not dispute the district court's conclusions that his title change was not materially adverse or that the decision to substitute a different manager on several of his projects had occurred too long after he filed his administrative complaint to infer a causal connection. Wei instead insists that he engaged in protected activity *during the litigation* by scheduling Harmon's deposition and that her changes followed "in close sequence." A range of conduct can constitute protected activity, *see Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009), but the discussion between Wei's and Deere's lawyers about dates when Harmon could be deposed does not qualify. *See Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 719–20, 722, 727 (6th Cir. 2008) (delivering confidential documents to lawyer during employment-discrimination suit is not protected activity); *Fox v. Eagle Distributing Co., Inc.*, 510 F.3d 587, 591–92 (6th Cir. 2007) (explaining that courts apply similar analysis to ADEA and Title VII anti-retaliation provisions). And the more than two years that had passed between Wei's administrative complaint and lawsuit and Harmon's choice to substitute a different manager on several projects is too long to raise an inference of causation. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 966–67 (7th Cir. 2012); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918–19 (7th Cir. 2000).

We have reviewed Wei's remaining contentions, and none has merit.

AFFIRMED.