**Li–Hua Olivia HO, Plaintiff–Appellant,**

v.

**ABBOTT LABORATORIES, INC., Defendant–Appellee.**

No. 14–3277.

United States Court of Appeals, Seventh Circuit.

Submitted June 26, 2015.*

Decided July 8, 2015.

* After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and record. See Fed. R.App. P. 34(a)(2)(C).

Li–Hua Olivia Ho, Libertyville, IL, pro se.

David E. Morrison, Attorney, Kathryn B. Walter, Attorney, Goldberg Kohn Ltd., Chicago, IL, for Defendant–Appellee.

Before DIANE P. WOOD, Chief Judge, JOEL M. FLAUM, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

## ORDER

Li–Hua Olivia Ho, a former quality-assurance engineer at Abbott Laboratories, appeals the grant of summary judgment against her in this action. Her primary complaints are based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634; she asserts that Abbott discriminated against her based on her race (Asian) and age (54 at the time Abbott fired her). Ho failed, however, to point to evidence that would permit a trier of fact to find that Abbott's actions were motivated by her national origin or age, or to support any of her other theories of relief. Moreover, Abbott presented undisputed evidence that it had a valid reason for firing her. We therefore affirm the district court's judgment.

## I

We review the evidence in the light most favorable to Ho, the party opposing summary judgment. See *Kvapil v. Chippewa Cnty., Wis.*, 752 F.3d 708, 712 (7th Cir. 2014). Ho began working at Abbott in 1996. She was transferred in 2005 to the position of quality engineer, a job requiring her to ensure that pharmaceutical products met the company's manufacturing standards. Abbott gave Ho one year to adjust to her new role, but by 2007 she still was not fully meeting the company's expectations. Her supervisor noted that she needed to become more knowledgeable about the company's procedures for making a batch of pharmaceuticals, warned her in writing that failure to improve her performance could result in her dismissal, and assigned her to take "batch-record review training" and then pass a test about the process. Along with at least two other Caucasian male employees, Ho completed the training and took the test. She failed

it (scoring only 47 percent) but was allowed to retrain and retake the test, though Abbott expected a perfect score that time. Ho was the only employee who retook the test, but she failed it again, achieving only a 60 percent.

During her training, Ho ran into more trouble after she destroyed certain computer "screen shots" of mistakes she had made on one of her training modules. Ho was supposed to keep the screen shots in her training records. She had, however, received permission from her training supervisor to remove them briefly for the purpose of making copies for herself. Afterwards, when they could not be found, she told Abbott that she might have shredded them as scrap. Abbott regarded this as a serious infraction. Based on her inability to pass the test and the screen shot incident, Abbott fired Ho. After her departure, other employees took over her work, and eventually Abbott hired a younger Caucasian man to fill her position.

## II

Ho sued Abbott under Title VII and the ADEA, claiming discrimination based on race and age. She also asserted violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461, and the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961–1968. Finally, she raised retaliation and defamation claims, but she has abandoned those two arguments on appeal and so we do not comment on them.

The district court granted Abbott's motion for summary judgment on the Title VII and ADEA claims. It addressed the race and age discrimination claims together and concluded that Ho could not make out a *prima facie* case of discrimination under the indirect method, see *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), be-

cause she presented no evidence to show that she met Abbott's legitimate expectations or that a similarly situated employee outside the protected class was treated more favorably. Nor, the court added, did she present any evidence to show that Abbott's reasons were pretextual. She had no evidence that could meet the requirements of the direct method of proving discrimination. Finally, in a nod to our more recent decisions seeking to simplify the appropriate framework of analysis in discrimination cases, see *Hitchcock v. Angel Corps, Inc.*, 718 F.3d 733, 737 (7th Cir.2013); *Coleman v. Donahoe*, 667 F.3d 835, 863 (7th Cir.2012) (Wood, J., concurring), the court concluded that Ho did not present any evidence to support a reasonable inference that Abbott had discriminated against her.

About six weeks after she filed her notice of appeal, Ho filed several motions in the district court. In them, she complained about various discovery violations and requested, among other things, leave to reinstate her ERISA claim. The district court construed her filings as motions for relief from judgment under Federal Rule of Civil Procedure 60(b) and denied them on the ground that she could have presented those arguments earlier in the proceedings.

## III

On appeal Ho seems to challenge the district court's conclusion that she did not establish a *prima facie* case of discrimination. She also contends that there is a fact question about whether she was meeting Abbott's expectations. She maintains that competency with the batch-record training process was not a legitimate expectation because the process did not appear in her job description, and she accuses Abbott of misgrading her second test by using the wrong answer key.

We apply the same analysis to Ho's ADEA and Title VII claims. See *Nagle v. Vill. of Calumet Park,* 554 F.3d 1106, 1114 n. 3 (7th Cir.2009). To show discrimination under either statute, Ho needed to provide evidence that she was meeting Abbott's expectations and that similarly-situated younger or non-Asian employees were treated more favorably. See *Huang v. Cont'l Cas. Co.,* 754 F.3d 447, 450 (7th Cir.2014); *Montgomery v. Am. Airlines, Inc.,* 626 F.3d 382, 394 (7th Cir.2010).

As the district court correctly observed, Ho failed to present evidence that would support a finding that she was meeting Abbott's legitimate expectations. The omission from her written job description of any reference to batch-record training does not mean that this task was not among Abbott's legitimate employment expectations. See *Huang,* 754 F.3d at 451; *Renken v. Gregory,* 541 F.3d 769, 773 (7th Cir.2008). Ho's accusation that Abbott used the wrong answer key to grade her second test similarly falls short. The evidence to which Ho points does not suggest that the test was administered in a discriminatory fashion, nor does it even indicate whether Abbott used the wrong answer key.

▪ For the first time on appeal, Ho argues that she can identify a similarly situated employee who received more favorable treatment—the younger Caucasian man who replaced her after she was fired. But Ho waived this argument by not first raising it before the district court. See *Hayes v. City of Chi.,* 670 F.3d 810, 815 (7th Cir.2012). In any event Ho failed to meet her burden in the district court of identifying a person who failed to meet the company's expectations, but nonetheless was allowed to keep her job. See *Hanners v. Trent,* 674 F.3d 683, 692–93 (7th Cir.2012); *Montgomery,* 626 F.3d at 395.

Ho also argues that the district court wrongly concluded that Abbott's proffered reason for firing her was pretextual. But because Ho has not established a *prima facie* case or provided evidence that would allow for an inference of discriminatory motive, we need not reach her argument about pretext. See *Montgomery,* 626 F.3d at 394.

▪ Ho's last argument is that the district court erred when it denied her Rule 60(b) motion, because, as a *pro se* litigant, she should not be bound by strict procedural requirements. But we do not have jurisdiction to review those rulings because Ho filed her notice of appeal immediately after the district court entered the final judgment and before she filed the Rule 60(b) motions, and she did not amend the notice of appeal to include the denial of the Rule 60(b) motions. See *Trade Well Int'l v. United Cent. Bank,* 778 F.3d 620, 625 (7th Cir.2015) (no jurisdiction to review propriety of sanction issued after notice of appeal was filed); *Sosebee v. Astrue,* 494 F.3d 583, 590 (7th Cir.2007) (no jurisdiction over postjudgment motion decided after notice of appeal was filed).

We have considered Ho's remaining arguments and none has merit. The district court's judgment is AFFIRMED.