**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2015[*]
Decided December 22, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-1535

| | |
|---|---|
| EARNEST L. JOHNSON, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-CV-490-JPS |
| FEDERAL MARINE TERMINALS, INC., *Defendant-Appellee*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Earnest Johnson sued his former employer, Federal Marine Terminals, Inc., claiming under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, that the company had discriminated against him because he is African American. The district court granted summary judgment to FMT on the ground that Johnson had not filed a timely administrative charge against the company and thus could not bring a lawsuit under Title VII. We affirm the judgment.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

The following facts are undisputed, except as noted, and are presented in the light most favorable to Johnson, the party opposing summary judgment. *See Kvapil v. Chippewa Cnty.*, 752 F.3d 708, 712 (7th Cir. 2014). FMT employed Johnson as a longshoreman from 2002 to 2007. Johnson, a member of the International Longshoremen's Association, Local 815, filed an administrative charge of race discrimination against the union with the Equal Rights Division of the Wisconsin Department of Workforce Development and the EEOC. That charge, which named only the union, alleged that, because of his race, the union had refused to refer him for job assignments at FMT's facility in Milwaukee and that coworkers had subjected him to racist slurs. (Johnson also submitted administrative charges to the National Labor Relations Board.) The state agency dismissed Johnson's charge in July 2009, and the EEOC issued a right-to-sue letter on August 21, 2009. Johnson then sued the union under Title VII three months later. The district court granted summary judgment for the union, and in March 2013 we upheld that ruling on appeal. *Johnson v. Int'l Longshoreman's Ass'n, Local 815*, No. 09-CV-1094 (E.D. Wis. June 4, 2012), *aff'd*, 520 F. App'x 452 (7th Cir. 2013).

A month after our decision in Johnson's suit against the union, he turned his attention to FMT and commenced this action. (At the time he commenced this suit, Johnson was incarcerated, having been sentenced by a Wisconsin court in 2010 to seven years' imprisonment. His conviction is unrelated to the events alleged in his complaint.) Johnson alleged that FMT likewise had discriminated against him and asserted that the company's discriminatory treatment had occurred as late as August 21, 2007.

FMT moved for summary judgment, arguing that Johnson's lawsuit was untimely because he had not filed an administrative charge of discrimination naming the company within 300 days of the alleged misconduct, as required by 42 U.S.C. § 2000e-5(e)(1). Moreover, FMT argued, even if the EEOC charge that Johnson had filed against his union could be read to encompass FMT, the plaintiff's lawsuit still was untimely because he did not sue FMT within 90 days of receiving the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). Johnson countered that he never received that August 2009 letter because he had changed addresses. Later, after briefing on FMT's motion was concluded, Johnson submitted evidence that he had filed an administrative charge against FMT with the Department of Workforce Development and the EEOC in December 2014, and had received a right-to-sue letter from the EEOC in January 2015.

In granting FMT's motion for summary judgment, the district court reasoned that Johnson had not filed an administrative charge against FMT within 300 days of any alleged discrimination, nor had he sued FMT within 90 days of receiving the

August 2009 right-to-sue letter. The court disregarded Johnson's assertion that he had never received that letter, noting that Johnson had sued the union within 90 days of the issuance of the letter, which suggested that in fact he had received it. The court did not discuss Johnson's recently filed administrative charge, which had not even been submitted to the Department of Workforce Development and the EEOC until 19 months after this lawsuit was filed in the district court.

On appeal, Johnson contends that the order granting summary judgment for FMT is erroneous for many reasons, but we need not discuss any question other than the timeliness of his federal complaint. Johnson continues to assert that he did not receive the August 2009 right-to-sue letter, but now explains that this is because he never updated his address on file with the EEOC. He also emphasizes that he did receive in January 2015 a right-to-sue letter naming FMT.

Johnson's contentions are without merit. A plaintiff is not entitled to sue under Title VII unless he filed a timely administrative charge (within 180 days of the alleged discriminatory conduct or within 300 days if the administrative charge is submitted first to a state agency). 42 U.S.C. § 2000e-5(e)(1); *Lewis v. City of Chicago*, 560 U.S. 205, 210 (2010); *Volovsek v. Wis. Dep't of Agric., Trade and Consumer Prot.*, 344 F.3d 680, 686–87 (7th Cir. 2003). "Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII." *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007). Moreover, "a party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). Johnson offered no evidence suggesting that he had filed an administrative charge naming FMT within 300 days of FMT's allegedly discriminatory conduct, all of which occurred by August 2007. Johnson's administrative charge naming his union, which resulted in the August 2009 right-to-sue letter, was not effective against FMT. And even if it had been effective, Johnson admits that he did not update his address with the EEOC, which means that he cannot argue that not receiving the letter kept him from having "actual notice" of his right to sue. *See Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005); *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001). Finally, the charge that does name FMT was not filed until December 2014, six years too late.

We have considered Johnson's other arguments, but none has merit.

AFFIRMED.