## In the
## United States Court of Appeals
### For the Seventh Circuit

No. 11-2718

JUAN J. GUITRON, JR.,

*Plaintiff-Appellant*,

*v.*

MICHAEL PAUL and BRADLEY MLODZIK,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 11-C-447—**William C. Griesbach**, *Judge*.

SUBMITTED MARCH 28, 2012—DECIDED APRIL 10, 2012

Before EASTERBROOK, *Chief Judge*, and POSNER and SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Juan Guitron maintains that a guard at the prison where Guitron was confined bent and injured his wrist. The district court dismissed the complaint after the preliminary screening required by 28 U.S.C. §1915A.

Guitron's complaint is skeletal. It alleges that, while Michael Paul and Bradley Mlodzik were escorting him

down a hallway, Paul twisted his wrist and caused pain that lasted for two months. Guitron's appellate brief elaborates. He asserts that, while the guards were taking him to segregation, they saw other inmates in the hallway and directed Guitron: "Get against the wall now". Guitron tells us that, instead of complying, he replied: "That's bogus man." Paul then began to bend Guitron's wrist; he complained but did not move. Paul next "applied full force" and slammed Guitron against the wall. Only after Guitron reached his destination cellblock did Paul release his wrist, which was "swollen, red and skinned" from the pressure.

The allegations of the complaint, as elaborated in the brief, show that the guards did not violate the eighth amendment. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . . The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). See also *Hudson v. McMillian*, 503 U.S. 1, 7 (1992), which poses the inquiry as "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Paul did

not use any force until Guitron disobeyed a command that was designed to maintain order within the prison; and, when Paul applied modest force, Guitron remained defiant. Paul did not violate the Constitution by applying additional force. Even if "it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable" (*Whitley*, 475 U.S. at 319), an error of judgment does not convert a prison security measure into a constitutional violation.

The district court reached its conclusion by a different route. It stated that Guitron's injury is *de minimis* and therefore not actionable under the eighth amendment. 2011 U.S. Dist. LEXIS 72795 (E.D. Wis. July 6, 2011). It is hard to see how such a classification can be made without evidence—at the complaint stage, a court must accept a plaintiff's description of the injury—or why an injury that led to swelling and two months of pain would be too trivial for judicial attention. Although the Supreme Court remarked in *Hudson* that "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force," 503 U.S. at 9–10, it added that a blow causing bruising, swelling, and loosened teeth could not be disregarded by invoking the maxim *de minimis non curat lex* (the law does not bother with trifles). *Id*. at 10. *Hudson* went on to hold that a prisoner need not show a "significant injury" in order to have a good claim under the eighth amendment, if a guard inflicted pain maliciously or sadistically. See also *Williams v. Boles*, 841 F.2d 181 (7th Cir. 1988) (anticipating this conclusion). *Hudson* said that minimal *force* is not actionable; it did not say that a

real *injury* from significant force should be ignored. A court should not recreate the disapproved "significant injury" requirement by classifying all consequences it deems "insignificant" as *de minimis* harms.

The reason the Court referred to *de minimis* force in *Hudson*—and the reason several opinions of this court have done so since, see *O'Malley v. Litscher*, 465 F.3d 799, 805 (7th Cir. 2006); *Outlaw v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000)—is not to revive a significant-injury requirement by other means, but to emphasize an important difference between constitutional law and private law. In tort law, any unconsented and offensive touching is a battery. See W. Page Keeton, *Prosser & Keeton on Torts* §9 (5th ed. 1984). An unwelcome tickle with a feather can lead to an award of damages. A judgment of imprisonment strips a prisoner of that right to be let alone, and many other interests as well. See *Hudson v. Palmer*, 468 U.S. 517 (1984). Custodians must be able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority (that's how the prisoners came to be there, after all) is to be manageable. When a physical injury occurs as the result of force applied in the course of prison operations, as happened to Guitron, the courts should approach the matter as *Whitley* and *Hudson v. McMillian* direct, rather than trying to classify injuries as *de minimis*.

AFFIRMED