## In the

## United States Court of Appeals

### For the Seventh Circuit

No. 12-1657

JAMES E. WASHINGTON, JR.,

*Plaintiff-Appellant,*

*v.*

JOHN P. HIVELY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 2:10-cv-00004-RTR—**Rudolph T. Randa**, *Judge*.

SUBMITTED JULY 26, 2012—DECIDED AUGUST 20, 2012

Before POSNER, MANION, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff was a pretrial detainee in a county jail in Wisconsin in April 2008 when he was subjected to a pat down and strip search by the defendant, a guard at the jail. He claims in this civil rights suit under 42 U.S.C. § 1983 that while patting him down the guard spent five to seven seconds gratuitously fondling the plaintiff's testicles and penis through the plaintiff's clothing and then while strip searching him

fondled his nude testicles for two or three seconds, contrary to jail policy which forbids touching the inmate in the course of a strip search, and again without any justification. The plaintiff claims to have suffered psychological harm as a result of the guard's gratuitous and offensive invasion of his private space. The guard denies the plaintiff's allegations.

The district judge granted summary judgment in favor of the guard. He acknowledged that because the parties' factual disputes could not be resolved on summary judgment he had to "presume that the defendant grabbed the plaintiff's genitals in a way that was not related to penological interests." Yet he thought the plaintiff had "presented evidence of only de minimis injury," had "suffered at most an assault and battery," and had presented no evidence concerning the defendant's "subjective intent" in "grabb[ing] the plaintiff's genitals in a way that was not related to penological interests."

The judge's references to "de minimis injury" and "assault and battery" inappropriately invoked excessive-force cases, such as *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009), which states that "de minimis uses of force are non-actionable." See also *O'Malley v. Litscher*, 465 F.3d 799, 805 (7th Cir. 2006); *Outlaw v. Newkirk*, 259 F.3d 833, 839-40 (7th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000); *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008). If a prisoner complains that a guard used excessive force to restrain him, but the evidence shows that the force used was slight and the battery merely a technical one (any touching neither

explicitly nor implicitly authorized is a battery, see W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 9, pp. 41-42 (5th ed. 1984)), there is no violation of the prisoner's constitutional rights. See, e.g., *Carlson v. Bukovic*, 621 F.3d 610, 620-21 (7th Cir. 2010).

But excessive force is not the only means by which a prisoner's civil rights can be violated, although this point is obscured by language in *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992), cited in *Hendrickson*: "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"

Yet even in cases involving "excessive force" as the term is used in law, exempting "de minimis uses of physical force" would be overbroad. As we had occasion to note recently in *Lapsley v. Xtek, Inc.*, No. 11-3313, 2012 WL 3055865, at *8-9 (7th Cir. July 27, 2012), "force" in the language of physics is mass (which equals weight as long you're not in outer space) times acceleration. But when cases talk about "excessive force" they usually mean rough or otherwise improper handling that causes excessive pain or other harm. If a guard restrains a prisoner by poking the prisoner's cheek with the lighted end of a cigarette, the cigarette's momentum is negligible yet the modest force exerted causes a more painful injury than if the guard had dragged the prisoner into a cell, even though he'd have had to exert much greater force to accomplish that. If in dragging

the prisoner he uses more force than is necessary and by doing so produces gratuitous pain or injury, we say that the force was excessive. But force is not the issue in the cigarette example or in a sexual battery case either. An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the "force" exerted by the assailant is significant. See *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009); *Calhoun v. Detella*, 319 F.3d 936, 939-40 (7th Cir. 2003); *Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). Indeed, sexual offenses need not involve *any* touching—think of indecent exposure, voyeurism, and child pornography that does not depict sex acts.

The doctrine *de minimis non curat lex* (the law takes no account of trifles) is concerned with harm rather than with force; it is therefore time that the formula "de minimis uses of physical force" was retired, as we suggested recently in *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (citations omitted). We explained that "the reason the Court referred to de minimis force in *Hudson* . . . is not to revive a significant-injury requirement by other means, but to emphasize an important difference between constitutional law and private law. In tort law, any unconsented and offensive touching is a battery. An unwelcome tickle with a feather can lead to an award of damages. A judgment of imprisonment strips a prisoner of that right to be let alone, and many other interests as well. Custodians must be

able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority (that's how the prisoners came to be there, after all) is to be manageable. When a physical injury occurs as the result of force applied in the course of prison operations, as happened to Guitron, the courts should approach the matter as . . . *Hudson* . . . direct[s], rather than trying to classify injuries as de minimis." As we said in a related context, "persecution . . . involves the use of *significant* physical force against a person's body, or the infliction of comparable physical harm without direct application of force (locking a person in a cell and starving him would be an example), or nonphysical harm of equal gravity." *Stanojkova v. Holder*, 645 F.3d 943, 948 (7th Cir. 2011) (emphasis in original). Sexual offenses forcible or not are unlikely to cause so little harm as to be adjudged *de minimis*, that is, too trivial to justify the provision of a legal remedy. They tend rather to cause significant distress and often lasting psychological harm.

As for the district judge's other ground for granting summary judgment in favor of the defendant—absence of evidence of "subjective intent"—it is true that if the defendant had no intention of humiliating the plaintiff or deriving sexual pleasure from fondling his private parts, but was merely overzealous in conducting the pat down and strip search, there was no deliberate violation of a constitutional right and so no basis for the suit. But subjective intent (a redundancy: intent is a mental state, hence subjective), unless admitted, has to be inferred rather than observed; judges and jurors are not mind

readers. The plaintiff alleges that he complained vociferously to the defendant about the pat down and strip search while they were going on, to no avail. We don't see how the defendant's conduct if correctly described by the plaintiff could be thought a proper incident of a pat down or search, and the defendant doesn't contend that it could be; his defense rather is that his conduct has been misdescribed.

We note finally and very briefly the defendant's irrelevant contention that the plaintiff failed to exhaust state-law remedies (the suit contains no state law claims) and his mistaken contention that 42 U.S.C. § 1997e limits the plaintiff to nominal damages because he doesn't claim to have suffered any physical injury; in fact the statute does not bar him from seeking both nominal and punitive damages. *Calhoun v. Detella*, *supra*, 319 F.3d at 941-42.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.