NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 5, 2012[*]
Decided December 5, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1585

| | |
|---|---|
| NATANAEL RIVERA, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CV-1182-JPS |
| MICHAEL DRAKE, *Defendant-Appellee.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Natanael Rivera, a Wisconsin prisoner, contends that correctional officer Michael Drake inserted his thumb between Rivera's buttocks during a pat-down search. Rivera sued

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

in federal court, arguing that Drake's action violated the Eighth Amendment's prohibition on cruel and unusual punishment. *See* 42 U.S.C. § 1983. The district court granted summary judgment for Drake, reasoning that even if Rivera proved that Drake inserted his thumb into Rivera's anus, he would not be able to make out a constitutional violation. We disagree. Taking the facts in the light most favorable to Rivera, a reasonable fact-finder could conclude that Drake violated Rivera's Eighth Amendment rights. Accordingly we vacate the district court's grant of summary judgment and remand for further proceedings.

We recount the facts in the light most favorable to Rivera. *See Hoppe v. Lewis Univ.*, 692 F.3d 833, 838 (7th Cir. 2012). Rivera was an inmate in 2008 at the Wisconsin Resource Center, a prison in Winnebago, Wisconsin. Drake was a correctional officer there. When Rivera was returning from recreation, Drake ordered him to submit to a pat-down search, and Rivera complied. Rivera was wearing shorts at the time. According to Rivera in his affidavit, during the pat-down Drake "molest[ed]" Rivera by intentionally "inserting his thumb" between Rivera's buttocks. (Rivera does not specify the length of time that Drake inserted his thumb or whether Drake penetrated his buttocks over or under his shorts or underwear. But construing the facts most favorably to Rivera, a rational fact-finder could infer that Drake's thumb physically pressed into Rivera's anus.) The insertion humiliated and traumatized Rivera because he had been sexually abused as a child. Rivera was visibly upset after the incident and told other prison officials soon after that he felt violated and dirty; those officials granted Rivera's request to take a shower.

Drake denies that he ever inserted his thumb between Rivera's buttocks, but he acknowledges that he may have "touched" Rivera's buttocks in the normal course of the pat-down search. Drake admits that a properly executed pat-down does not involve inserting a finger between a prisoner's buttocks.  He also admits that Rivera objected to the way he conducted the pat-down and that he discovered no contraband on Rivera's person that day.

After discovery, both parties moved for summary judgment, and the district court ruled in Drake's favor. The court accepted as true Rivera's assertion that Drake inserted his thumb between Rivera's buttocks and that this caused Rivera substantial trauma, distress, and suffering. But the court reasoned that these facts could not raise a triable issue and defeat summary judgment. According to the court, the insertion of Drake's thumb into Rivera's anus during a pat-down was at most a *de minimis* injury too minor to constitute an Eighth Amendment violation. The court suggested that its conclusion might have been different had Rivera put forward evidence that the insertion of the thumb lasted more than a few seconds or that Drake made sexually charged comments during the pat-down.

Rivera's pro-se appellate briefing is convoluted and raises a number of frivolous arguments, but the parties do devote attention to the one issue on which this case turns: whether a reasonable jury could find that Drake violated Rivera's Eighth Amendment rights given the admissible evidence that Rivera furnished. We conclude that a reasonable jury could determine that, by inserting his thumb between Rivera's buttocks, Drake violated the Eighth Amendment. Therefore, the district court's grant of summary judgment to Drake was improper.

The Eighth Amendment prohibition on cruel and unusual punishment bars prison authorities from unnecessarily and wantonly inflicting pain on inmates. *See Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). In the context of searches of prisoners, only searches that are maliciously motivated, unrelated to institutional security, and lack a legitimate penological justification violate the Eighth Amendment. *Id.* The infliction of pain on prisoners without any legitimate penological justification "always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Therefore, "infliction of pain that is totally without penological justification is *per se* malicious." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (internal quotation marks omitted).

Since Rivera's evidence suggests that Drake pressed his thumb forcefully between Rivera's buttocks, causing him humiliation and substantial pain, and Drake has articulated no legitimate justification for that conduct, a jury could infer that Drake's actions were maliciously motivated and hence violated the Eighth Amendment. *See Washington v. Hively*, 695 F.3d 641 (7th Cir. 2012) (reversing grant of summary judgment for prison guard where plaintiff asserted that guard gratuitously fondled his testicles); *Calhoun*, 319 F.3d at 940 (reversing dismissal of complaint where male prisoner alleged that defendants subjected him to sexually humiliating strip searches in the presence of female guards who were there as spectators, not to perform any penological function). Rather than attempting to justify pressing his thumb into Rivera's buttocks during a routine pat-down, Drake denies that the conduct occurred and agrees that if it did occur, it was improper. Although his factual denial is a defense at trial, it is insufficient to defeat summary judgment, as we recently observed in *Hively*, 695 F.3d at 643–44. Here, as in *Hively*, "[w]e don't see how the defendant's conduct [there, of briefly fondling a prisoner's testicles] if correctly described by the plaintiff could be thought a proper incident of a pat down or search, and the defendant doesn't contend that it could be; his defense rather is that his conduct has been misdescribed." *Id.* at 744; *see also Mays v. Springborn*, 575 F.3d 643, 649–50 (7th Cir. 2009) (vacating judgment as a matter of law in favor of defendants where defendants "provided no justification for" performing group strip-searches of prisoners but instead "denied performing them").

Moreover, Rivera's asserted injury is serious enough to allow him to proceed to trial on his Eighth Amendment claim. The district court characterized Rivera's injury as *de minimis*, but we disagree with that view. In the first place, we have urged district courts to avoid invoking a "significant injury" requirement in cases like this one where prisoners charge that "a guard inflicted pain maliciously or sadistically." *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992)). Furthermore, when a guard intends to humiliate or gratify himself through an unwanted touching of an inmate's private parts, the intrusion violates the prisoner's Eighth Amendment rights, even if the force that a guard uses is slight. *Hively*, 695 F.3d at 642–43. And in any case, it is rarely appropriate to characterize sexual offenses as *de minimis*, because they usually "cause significant distress and often lasting psychological harm." *Id.* at 643. Thus, like the brief fondling of a prisoner's testicles in *Hively*, *id.* at 642, and the subjection of prisoners to humiliating strip searches in *Mays,* 575 F.3d at 649, and *Calhoun*, 319 F.3d at 940, a reasonable jury could conclude that, by inserting his thumb into a prisoner's anus, Drake intended to humiliate Rivera and therefore violated the Eighth Amendment.

Because we are remanding this case for a trial on disputed facts, we urge the district court to evaluate carefully the propriety of recruiting counsel to assist plaintiff at trial. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654–658 (7th Cir. 2007) (en banc). Rivera moved for appointment of counsel six times during pretrial proceedings, but the court rejected each motion. Rivera asserts that he is unable to read or write effectively in English and suffers from a psychotic disorder. He has been assisted by fellow inmates throughout the case. Although some submissions have been coherent, they have become less intelligible as the case has progressed. In any event, because this case can proceed to trial, fellow inmates will no longer be able to assist him there.

Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings. Circuit Rule 36 shall apply on remand.