**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014[*]
Decided June 20, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3509

| | |
|---|---|
| QUINCY CORNELL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 4833 |
| EILEEN O'NEILL BURKE, et al., | |
| *Defendants-Appellees*. | Charles P. Kocoras, *Judge*. |

## O R D E R

Quincy Cornell appeals the dismissal of his civil-rights suit, which challenges a state-court contempt order and its execution. Because his suit is barred in part by the *Rooker-Feldman* doctrine and in part by the defense of qualified immunity, we affirm

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

(modifying the judgment to reflect a dismissal in part for lack of subject-matter jurisdiction).

We accept as true the following facts alleged in Cornell's complaint and take judicial notice of the state-court proceedings. *Virnich v. Vorwald*, 664 F.3d 206, 209 (7th Cir. 2011); *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006). JP Morgan Chase Bank sued Cornell in Illinois Circuit Court to repossess a car he had stopped making loan payments on. When Cornell failed to answer Chase's complaint, Judge Eileen Burke granted Chase a default judgment and ordered Cornell to return the car. Two months later, having yet to return the car, Cornell appeared before Judge Burke. When the case was called, Cornell announced that he was entering "a special appearance as a Natural Person." When Judge Burke directed him to approach the bench or face arrest, Cornell refused. Instead he replied, "I conditionally accept your offer to grant and convey a security interest in my property upon presentation of an original genuine charging accusatory instrument for my inspection." Judge Burke held him in contempt, and court bailiffs took him into custody.

Cornell describes the manner in which two officers, Sergeant Michael Schassburger and Officer Michael Malone, enforced the contempt order. While he was detained, Cornell repeatedly asked to see a warrant authorizing his seizure, but the officers provided none. During intake, Schassburger "grabbed" and frisked him and took his personal items, and Malone fingerprinted him and took mug-shots. Cornell elaborates that, in the course of the fingerprinting, Malone "took Plaintiff's index fingerprint and forced Plaintiff to pose for a picture."

Cornell sued Judge Burke, Sergeant Schassburger, and Officer Malone in federal court for unlawfully seizing him. The defendants moved to dismiss the complaint, asserting that they were immune from suit, and alternatively, that Cornell's suit was barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The district court concluded that Judge Burke was immune because she held Cornell in contempt in her judicial capacity. Schassburger and Malone also were immune, the court continued, because they merely performed common intake procedures and did not violate any clearly established right of Cornell's.

On appeal Cornell contests the district court's conclusion that Judge Burke enjoys immunity and maintains that his detention was invalid. But we must first turn to the *Rooker-Feldman* doctrine, since, as a jurisdictional issue, it precedes affirmative defenses

such as immunity. *See Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004); *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *Wright v. Tackett*, 39 F.3d 155, 157–58 (7th Cir. 1994). District courts have no jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Cornell's central claim is that Judge Burke improperly ordered him seized under her contempt order; in essence, he is inviting a district court to review Judge Burke's contempt order. Because a contempt order qualifies as a state-court judgment, *Rooker-Feldman* divests the district court of jurisdiction to review it. *See Homola v. McNamara*, 59 F.3d 647, 649–50 (7th Cir. 1995) (concluding that *Rooker-Feldman* barred challenge to state-court contempt order that led to plaintiff's arrest); *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (concluding that *Rooker-Feldman* barred challenge to state-court contempt orders in divorce proceeding); *see also Garry*, 82 F.3d at 1367 n.10 (explaining that *Rooker-Feldman* applies when "the federal plaintiff is actually suing the state court or state court judges").

To the extent that Cornell challenges the manner in which Sergeant Schassburger and Officer Malone enforced the contempt order, he gets over the jurisdiction hurdle, but that is all. *Rooker-Feldman* does not bar complaints of injuries arising from the manner of enforcement of state-court decisions—a matter distinct from the validity of the decision. *See In re Zurn*, 290 F.3d 861, 863 (7th Cir. 2002); *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013); *MSY EyEs Ltd. v. Wells Fargo Bank, Nat'l Ass'n*, 546 F.3d 533, 539 (8th Cir. 2008). Neither does quasi-judicial immunity protect defendants from the manner in which they execute a judge's order. *Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006) (no immunity for sheriff's deputies who ignored plaintiff's insistence that he was not person judge ordered into custody); *Richman v. Sheahan*, 270 F.3d 430, 437–38 (7th Cir. 2001) (no immunity for sheriff's deputies who allegedly used unreasonable force when seizing plaintiff at judge's order).

Still, Sergeant Schassburger and Officer Malone are entitled to qualified immunity because Cornell's complaint does not contain allegations that they violated a clearly established constitutional right. *See Wood v. Moss*, 134 S. Ct. 2056, 2066–67 (2014); *Engel v. Buchan*, 710 F.3d 698, 708 (7th Cir. 2013). Although unnecessarily "rough or otherwise improper handling that causes excessive pain or other harm" can violate the Constitution, *Washington v. Hively*, 695 F.3d 641, 642–43 (7th Cir. 2012), Cornell comes nowhere near to suggesting unwarranted roughness. He alleges only that Schassburger "grabbed" and frisked him and Malone "took Plaintiff's index fingerprint and forced

Plaintiff to pose for a picture." This sort of minimal contact, routinely incidental to an arrest, is not unconstitutional force. *See Williams v. City of Champaign*, 524 F.3d 826, 829 (7th Cir. 2008) (brief involuntary handcuffing not actionable); *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (shove not actionable).

Thus, we affirm the district court's dismissal, with the clarification that the claim against Judge Burke is dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *See, e.g.*, *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 764 (7th Cir. 2013); *O'Malley v. Litscher*, 465 F.3d 799, 802, 806 (7th Cir. 2006); *Chairez v. United States*, 355 F.3d 1099, 1102 (7th Cir. 2004). Accordingly, the judgment is MODIFIED to reflect that Cornell's claim against Judge Burke is dismissed for lack of jurisdiction and is, as modified, AFFIRMED.