**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2014[*]
Decided November 12, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1810

| | |
|---|---|
| DANIEL J. MITCHELL, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-cv-279-wmc |
| JAKE D. KRUEGER and THOMAS E. CICHA, *Defendants-Appellees.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Daniel Mitchell claimed in this suit under 42 U.S.C. § 1983 that two guards at Stanley Correctional Institution in Wisconsin violated the Eighth Amendment by using excessive force in responding to a fight he started with another inmate. The parties disagree about the amount of force used in breaking up the fight and removing Mitchell from the area. The district court granted summary judgment for the defendant guards.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

Because there are material factual disputes about the need for, and extent of, continued physical force after the inmates were separated, we vacate the judgment in part and remand for further proceedings.

We recount the evidence and draw all reasonable inferences in the light most favorable to Mitchell, as we must. *See Kvapil v. Chippewa County, Wis.*, 752 F.3d 708, 712 (7th Cir. 2014). On the day of the incident, Mitchell entered a dayroom, or common area, and began punching another prisoner without provocation. Jake Krueger, one of the defendant guards, saw the commotion and twice ordered Mitchell and the other inmate to stop fighting. Mitchell did not stop and, instead, yelled at Krueger, "Fuck that!" Krueger, who is 6'–2" and weighed 280 pounds, then "brutally tackled" Mitchell to the floor. That is according to Mitchell, who is 6" shorter and weighed 128 pounds.

Thomas Cicha, the other defendant, came to Krueger's aid and helped subdue and handcuff Mitchell. After Mitchell assured the guards that he would comply with their directives. Krueger and Cicha brought him to his feet and, with Kruger holding his left arm and Cicha holding the right, walked him toward the dayroom exit. Mitchell was not resisting, he says, yet Cicha gratuitously twisted his wrist, causing so much pain that he yelled and stood on his toes. By Mitchell's account, the two guards then "slammed" him face first onto a metal table, cutting his chin. Krueger laughed and asked, "Did that hurt, you little pussy?" The guards' description of the incident is different: They insist that Mitchell was resisting, and in response they "directed" him "to the nearest table and controlled his descent to the table top." Mitchell was taken to the segregation unit, and medical staff treated his cut with skin adhesive and a bandage.

The district court essentially analyzed Mitchell's lawsuit as raising two distinct claims, the first alleging the use of excessive force by Krueger alone when he tackled the plaintiff, and the second alleging that both guards needlessly pushed him onto the table as they were escorting him from the dayroom. In granting summary judgment for the guards, the district court concluded that a jury could not reasonably find that Krueger had overreacted in tackling Mitchell; the plaintiff had created a serious security risk by attacking the other inmate and flouting Krueger's commands to stop, requiring Krueger to forcefully restore discipline. The court further concluded that, whether or not Mitchell was intentionally resisting or simply reacting to Cicha's deliberate effort to cause pain by twisting his wrist, the guards reasonably could perceive Mitchell's struggling while exiting the dayroom as requiring additional force and thus their "decision to direct Mitchell" to a table was warranted.

On appeal Mitchell maintains that the amount of force used initially and as he was led out of the dayroom is disputed. In particular he insists that he was not resisting when the guards pushed him onto the table. We review the district court's grant of summary judgment de novo. *Hawkins v. Mitchell*, 756 F.3d 983, 990–91 (7th Cir. 2014).

We agree with the district court that a jury could not reasonably find on this record that Krueger's initial use of force was unwarranted or excessive. The Eighth Amendment does not forbid every use of force against a prisoner. What is prohibited is the wanton infliction of pain, and thus a use of force is constitutional if part of a good-faith effort to restore discipline. *Whitley v. Albers*, 475 U.S. 312, 319–21 (1986); *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). Even if, in retrospect, tackling Mitchell might appear to have been an overreaction, that conclusion would not alone establish a constitutional violation. *See Whitley*, 475 U.S. at 319; *Rice v. Correctional Med. Servs.*, 675 F.3d 650, 667–68 (7th Cir. 2012); *Guitron v. Paul*, 675 F.3d 1044, 1045–46 (7th Cir. 2012). Only if that force was used sadistically for the very purpose of causing harm might Krueger be liable. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *Lewis*, 581 F.3d at 476; *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005). Krueger was alone in the dayroom when Mitchell assaulted the other inmate, and Krueger could not know whether Mitchell might produce a shank or some other weapon that he might use to harm someone around him. Mitchell was a safety risk to the other inmate as well as Krueger, and he mocked Krueger's orders to stop fighting. The guard had a duty to protect the other inmate, and Mitchell cannot complain that Krueger took decisive steps to subdue him. *See Whitley*, 475 U.S. at 321–22; *Guitron*, 675 F.3d at 1046; *Lewis*, 581 F.3d at 476–77.

The situation was different, though, after Mitchell was restrained, and here our view of the evidence parts from the district court's assessment. Whether Krueger and Cicha were acting in good faith when they forced Mitchell face first onto the table depends on whether they reasonably felt that their safety or the safety of other inmates was threatened, whether there was a genuine need to use force, and whether the amount of force used corresponded to that need. *See Rice*, 675 F.3d at 668; *Lewis*, 581 F.3d at 477; *Fillmore v. Page*, 358 F.3d 496, 503–04 (7th Cir. 2004). The determination that force was excessive depends on the circumstances. *Richman v. Sheahan*, 512, F.3d 876, 883 (7th Cir. 2008). The district court recognized that a dispute exists concerning Mitchell's assertion that his purported "resistance" while being walked out of the dayroom was nothing more than a reaction to Cicha's malicious infliction of pain by needlessly twisting his wrist. The court reasoned, however, that the guards still could reasonably have perceived a need for more force because Mitchell had assaulted another inmate and refused to obey Krueger's orders.

Although a trier of fact might so find, we cannot say that the undisputed facts compel this conclusion. As Mitchell points out, when the defendants "slammed" him onto the table, the fight with the other inmate was over and he had agreed to comply with their orders. Moreover, Mitchell was restrained with his hands behind his back, flanked on either side by the defendants holding his arms, at least one of whom was more than 100 pounds heavier and half a foot taller than Mitchell. *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (reasoning that shackling inmate to hitching post was "obvious" Eighth Amendment violation if, as inmate alleged, his threat to guards' safety had abated after he was subdued, handcuffed, and placed in leg irons). A jury reasonably could find that Mitchell was not a threat to anyone—and wasn't perceived by the defendants to be a threat to anyone—when Cicha allegedly twisted his wrist for no reason except to cause him pain. Likewise, if Cicha did twist Mitchell's wrist for no reason, then he also knew that Mitchell did not pose a new threat simply because he predictably reacted to the pain. *See Hendrickson v. Cooper*, 589 F.3d 887, 889–91, 894–95 (7th Cir. 2009) (upholding jury's finding that guard had used excessive force by provoking inmate and citing his reaction as excuse to attack him); *Morton v. City of East Chicago*, 349 F.3d 989, 1004–05 (7th Cir. 2003) (vacating grant of summary judgment for defendant police officers on excessive-force claim under Fourth Amendment since jury reasonably could find that plaintiff resisted only after officers had grabbed and shoved him to floor); *Davis v. Rennie*, 264 F.3d 86, 95–96, 115 (1st Cir. 2001) (upholding award of punitive damages because jury could find that state employee of mental-health hospital had acted with "evil motive" by taunting an involuntarily committed patient to provoke behavior which employee used as excuse to justify applying unreasonable force). And though it was Cicha and not Krueger who provoked Mitchell's reaction, we think that a jury reasonably could infer from Krueger's laughter and deriding Mitchell as a "pussy" that he was aware of Cicha's actions and joined him in throwing Mitchell onto the table with malice or a sadistic purpose. *See Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 685–88 (7th Cir. 2007) (concluding that jury reasonably could find that police officer who did not witness any resistance by plaintiff was complicit in use of excessive force since he helped hold plaintiff while second officer gratuitously applied painful wristlock after saying that he was going to "hurt" plaintiff). There are sufficient material disputes about how much force the guards used and whether they acted in good faith that summary judgment was not appropriate.

We recognize that Mitchell's allegations may not be true, and we express no opinion about whether he can establish that the force used by the defendants was a violation of the Eighth Amendment. At this stage in the litigation, our only conclusion is

that Mitchell's version of events raises genuine issues of material fact that preclude summary judgment.

Accordingly, we AFFIRM the grant of summary judgment on Mitchell's claim that Krueger used excessive force when he first tackled Mitchell. On Mitchell's claim that Krueger and Cicha used excessive force as they removed him from the dayroom, however, we VACATE the grant of summary judgment and REMAND for further proceedings.