Matter of Police Benevolent Assn. of the City of N.Y., Inc. v New York City Civilian Complaint Review Bd. (2024 NY Slip Op 04531)

Matter of Police Benevolent Assn. of the City of N.Y., Inc. v New York City Civilian Complaint Review Bd.

2024 NY Slip Op 04531

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 150441/23 Appeal No. 2594&M-2024-04178 Case No. 2024-01130 

[*1]In the Matter of Police Benevolent Association of the City of New York, Inc., et al., Petitioners-Appellants, Sergeants Benevolent Association of the City of New York et al., Petitioners,
v
New York City Civilian Complaint Review Board et al., Respondents-Respondents. New York Civil Liberties Union Foundation, Latino Justice, PRLDEF, and the Bronx Defenders, Amici Curiae.

Golenbock Eiseman Assor Bell & Peskoe LLP, New York (Matthew C. Daly of counsel), for appellants.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Jamison Davies of counsel), for respondents.
New York Civil Liberties Union Foundation (Guadalupe Aguirre and Christopher Dunn of counsel), Latino Justice PRLDEF (Norma Esquirel and Andrew Case of counsel), and The Bronx Defenders (Meghna Philip and Niji Jain of counsel), amici curiae.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered January 3, 2024, which, to the extent appealed from, denied the petition in this hybrid proceeding, brought pursuant to CPLR articles 30 and 78, to declare invalid and annul new regulations promulgated by respondent agency Civilian Complaint Review Board (CCRB), unanimously affirmed, without costs.
CCRB's expansion of the definition of "Abuse of Authority" to include "improper use of body worn cameras [(BWC)]" is not irrational, unreasonable or inconsistent with the governing statute and should be given deference (see Matter of Lynch v New York City Civilian Complaint Review Bd., 206 AD3d 558, 560 [1st Dept 2022], lv denied 39 NY3d 902 [2022]). The definition's expansion is rational and supported by, among other things, CCRB's detailed study regarding BWCs which found that officers often turned on their BWCs too late, prematurely turned them off, or failed to use them at all. Moreover, the expansion is neither arbitrary nor capricious (see CPLR 7803[3]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). And, our prior cases concerning other expansions of the "Abuse of Authority" definition do not compel a different result (see e.g. DiGiacomo v New York City Civilian Complaint Review Bd., 214 AD3d 531 [1st Dept 2023]; Matter of Lynch, 206 AD3d 558).
The addition of a definition of "severe act of bias" was not done in excess of jurisdiction or in an arbitrary and capricious manner (see CPLR 7803[2]-[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see also 38-A RCNY 1-01). This regulation is not "inconsistent with the statutory text" since the City Counsel expressly delegated to CCRB the authority to define the phrase (Matter of Juarez v New York State Off. of Victim Servs., 36 NY3d 485, 493 [2021]; see NY City Charter § 441[b][2]). Moreover, contrary to petitioners' contentions, the categories of conduct in the regulation may appropriately be considered severe acts (see Fleming v Graham, 10 NY3d 296, 301 [2008] ["'Severe' is variously defined as something '[c]ausing sharp discomfort or distress'. . . something '[e]xtremely intense,' as in 'severe pain,'" or "something 'of a great degree or an undesirable or harmful extent'" (internal citations omitted)]; see also Matter of Juarez, 36 NY3d at 492-493; compare 18 USC § 242; Wilkins v Gaddy, 559 US 34, 36-40 [2010]; Bearchild v Cobban, 947 F3d 1130, 1144-1145 [9th Cir 2020]; Washington v Hively, 695 F3d 641, 643 [7th Cir 2012]).
The new regulation delegating CCRB's authority to initiate complaints was also an appropriate exercise of jurisdiction. Petitioner does not challenge the breadth of the delegation but argues that CCRB is not authorized to delegate this authority at all. A plain reading of the Charter shows [*2]that CCRB is empowered to initiate complaints on its own and to "appoint such employees as are necessary to exercise its powers, including but not limited to the power to initiate complaints . . . and fulfill its duties" (NYC Charter § 440[c][1], [5]).
The amendment renaming two disposition categories — from "unsubstantiated" to "unable to determine," and from "exonerated" to "within NYPD guidelines" — was not arbitrary and capricious (CPLR 7803[3]). There is evidence in the record to support CCRB's position that the changes would promote understanding by the public, both from feedback it received and from public hearing testimony. Petitioners' arguments to the contrary do not prove a lack of "sound basis in reason" or that the changes were "taken without regard to the facts" (Matter of Pell, 34 NY3d at 231). These changes may not be disturbed simply because petitioners question the "'wisdom' of the agency's approach" as to the terminology used (Matter of Juarez, 36 NY3d at 492-493).
We have considered petitioners' remaining contentions and find them unavailing. M-2024-04178-Matter of Police Benevolent Assoc. of City of N.Y. v New York City Civilian Complaint Review Board
Motion for leave to file an amicus brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024