2024 IL App (1st) 221794

No. 1-22-1794

Order filed March 28, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| AZ SPE, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | 21 CH 05560 |
| | ) | |
| CITY OF CHICAGO and THE CITY OF CHICAGO | ) | |
| DEPARTMENT OF BUSINESS AFFAIRS AND | ) | |
| CONSUMER PROTECTION, | ) | Honorable |
| | ) | Cecilia A. Horan, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err in dismissing the due process claims of plaintiff-appellant AZ SPE, LLC (AZ), which were premised on the alleged deprivation of its purported property intertest in a City of Chicago retail tobacco dealer's license held by its former tenant.

¶ 2                                    I. BACKGROUND

¶ 3    AZ is an Illinois corporation specializing in the acquisition, development, and leasing of

gas stations and convenience store properties in the Chicagoland area. It owns the gas station

located at 401-409 E. 87th Street (property). In March 2018, AZ, as landlord, and ML King Gas of 87th, Inc., d/b/a Advanced Petroleum (AP), as tenant, executed a five-year lease where AP would operate the gas station and a convenience store at the 87th Street location.

¶ 4    On June 4, 2021, the City of Chicago's Commissioner of the Department of Business Affairs and Consumer Protection (BACP), notified AP that—as a consequence of the illegal sale of tobacco products at the property to underage individuals on three separate occasions—a hearing was scheduled to determine if its City of Chicago retail tobacco dealer's license should be revoked. Section 4-64-345 of the Chicago Municipal Code provides that "[n]o person shall sell, give away, barter, exchange or otherwise furnish any tobacco product or tobacco accessories at retail or otherwise to any individual under 21 years of age." Chicago Municipal Code § 4-64-345 (2018).

¶ 5    At the revocation hearing, the City of Chicago presented uncontroverted evidence that AP violated section 4-64-345 on three separate occasions within a 24-month period—May 14, 2019; July 23, 2019; and March 12, 2020. Section 4-64-935(a) of the Chicago Municipal Code provides that if a person violates section 4-64-345 on three or more occasions within a 24-month period, "the Commissioner shall revoke that person's license." Chicago Municipal Code § 4-64-935(a) (2021). The hearing officer found AP responsible and recommended to the Commissioner of BACP the revocation of AP's retail tobacco license.

¶ 6    The order revoking AP's retail tobacco license was entered on October 4, 2021, with an effective date of October 8, 2021. The Municipal Code provides that when a tobacco license is revoked, no tobacco license "shall be granted to any person for any covered business activity for a period of one year thereafter for the premises described in such revoked license unless the revocation order was entered as to the licensee only." Chicago Municipal Code § 4-64-935(c) (2021). Here, the revocation order contained no language indicating it was entered only as to the

2

licensee AP.

¶ 7      Copies of the revocation order were served by mail on both AP's president and counsel for AP. AZ was not served with notice of the revocation hearing or the order of revocation.

¶ 8      BACP subsequently advised AZ that the revocation order applied to both the licensee AP and to AZ's property. Thus, any new applications for a retail tobacco license would be denied during the one-year ban, as provided in section 4-64-935(c) of the Municipal Code. AZ cancelled AP's lease of the property and entered into a lease with a new tenant.

¶ 9      AZ filed a three-count complaint against the City of Chicago and BACP (collectively, the City), seeking declaratory and injunctive relief. AZ claimed that section 4-64-935(c) of the Municipal Code operated to deprive it of its property interest by maintaining a one-year ban on its ability to obtain or have a prospective tenant obtain a retail tobacco license at the Property. As the owner of the property described in the revocation order, AZ argued that it was entitled to notice of the revocation hearing and an opportunity to be heard prior to revocation of AP's tobacco license. According to AZ, this lack of notice and opportunity to be heard violated its right to procedural due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution (U.S. Const., amend. XIV) and article I, section 2 of the Illinois Constitution (Ill. Const. 1970, art. I, § 2).

¶ 10     AZ maintained that the revocation order made its property less attractive to prospective tenants who wished to operate a convenience store from which tobacco products could be sold. It claimed that as a result of the revocation order, its new tenant was unable to obtain a retail license to sell tobacco products during the one-year ban and, consequently, AZ agreed to abate the rent until the tenant could obtain the license. In the alternative, AZ sought a declaration that the revocation order did not apply to the property but rather applied exclusively to the licensee AP.

¶ 11 The City moved to dismiss AZ's complaint for lack of standing pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2022)) and for failure to state a claim upon which relief could be granted pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)). On September 13, 2022, the trial court granted the City's motion in part and dismissed with prejudice AZ's due process claims brought in counts I and II. However, the court denied the City's motion to dismiss AZ's alternative claim brought in count III.

¶ 12 On November 1, 2022, the trial court granted AZ's motion to voluntarily dismiss its remaining alternative claim without prejudice, thereby rendering the court's prior order of September 13, 2022 final and appealable. See *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 503 (holding that order of voluntary dismissal disposing "of all matters pending before the circuit court, rendered all orders which were final in nature, but which were not previously appealable, immediately final and appealable"). AZ filed its timely notice of appeal on November 30, 2022.[1]

¶ 13                                    II. ANALYSIS

¶ 14 AZ contends on appeal that it has a cognizable property interest in the ability to obtain or have a prospective tenant obtain a retail tobacco license for its property. AZ claims that section 4-64-935(c) of the Municipal Code is unconstitutional in that it deprives a property owner of this property interest without notice and an opportunity to be heard in violation of state and federal due process. AZ argues that "the notion that the City may punish a property owner for the actions of its tenant by suspending the issuance of any new licenses without notifying the property owner or affording it the ability to offer defenses offends the entire concept of due process." Thus, according

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

to AZ, the trial court erred in dismissing its due process claims with prejudice, "based on lack of standing and failure to state a claim."

¶ 15    The trial court's order dismissing AZ's due process claims with prejudice does not specify if these claims were dismissed pursuant to section 2-619(a)(9) of the Code for lack of standing or section 2-615 of the Code for failure to state a claim upon which relief could be granted. However, under either section, our review is *de novo*. *Aida v. Time Warner Entertainment Company, LP*, 332 Ill. App. 3d 154, 158 (2002). Moreover, "we may affirm a correct decision for any reason appearing in the record regardless of the basis relied on by the trial court." *Nielsen-Massey Vanillas v. City of Waukegan*, 276 Ill. App. 3d 146, 151 (1995).

¶ 16    The City contends that AZ lacks standing to challenge the constitutionality of section 4-64-935(c) because it did not suffer an injury fairly traceable to the operation of this section. The City further argues that AZ has failed to allege facts sufficient to demonstrate a violation of any constitutional right. We find the City's arguments persuasive.

¶ 17                                    A. Standing

¶ 18    Standing determines "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); see also *In re Estate of Wellman*, 174 Ill. 2d 335, 345 (1996) (expressing same). "The standing doctrine assures that issues are presented to a court only by parties who have a sufficient stake in the outcome of the controversy." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill. 2d 473, 482 (1992). In a declaratory judgment action, standing is a preliminary question which must be addressed at the outset. *Illinois Gamefowl Breeders Association v. Block*, 75 Ill. 2d 443, 450 (1979).

¶ 19    "In order to have standing to challenge the constitutionality of a statute, a party must have

sustained, or be in immediate danger of sustaining, a direct injury as a result of the enforcement of the challenged statute." *Carr v. Koch*, 2012 IL 113414, ¶ 28. Our supreme court "has repeatedly held that standing requires some injury in fact to a legally recognized interest." *In re Estate of Wellman*, 174 Ill. 2d at 345. " 'The claimed injury must be (1) distinct and palpable; (2) fairly traceable to the defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief.' " *Koch*, 2012 IL 113414, ¶ 28 (quoting *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004)). " 'This traditional rule reflects two cardinal principles: the personal nature of constitutional rights and prudential limitations on constitutional adjudication.' " *People v. Ashley*, 2020 IL 123989, ¶ 94 (quoting *People v. Minnis*, 2016 IL 119563, ¶ 13).

¶ 20    AZ challenges the constitutionality of section 4-64-935(c) based on the theory that it was economically injured because the revocation order effectively caused it to lose the ability to obtain or have a prospective tenant obtain a retail tobacco license. AZ contends that it offered its new tenant a rental abatement "in recognition of the economic detriment" to the tenant "for its inability to obtain a retail tobacco license at the Property."

¶ 21    None of these alleged injuries are fairly traceable to the operation of section 4-64-935(c). Rather, they are traceable to the independent actions of the former tenant in violating section 4-64-345, three or more times within a 24-month period. Generally, for an injury to be " 'fairly traceable to the defendant's conduct means in part that the injury must not be the product of some independent action taken by a third party that is not before the court.' " *Petta v. Christie Business Holding Co.*, 2023 IL App (5th) 220742, ¶ 23 (quoting *In re Grason*, 486 B.R. 448, 457 (Bankr. C.D. Ill. 2013)). Here, any alleged diminution in the value of AZ's property was caused by the independent actions of AP in conducting retail tobacco sales on the property in violation of section 4-64-345.

¶ 22    "In a case alleging deprivation of property, 'the threshold question is whether a protected property interest actually exists.' " *Tranchita v. Department of Natural Resources*, 2020 IL App (1st) 191251, ¶ 13 (quoting *Cole v. Milwaukee Area Technical College District*, 634 F.3d 901, 904 (7th Cir. 2011)). "A protected property right under the Fourth Amendment due process clause is something that 'is securely and durably yours under state (or … federal) law, as distinct from what you hold subject to so many conditions as to make your interest meager, transitory, or uncertain.' " *Frey Corp. v. City of Peoria, Illinois*, 735 F.3d 505, 510 (7th Cir. 2013) (quoting *Reed v. Village of Shorewood*, 704 F.2d 943, 948 (7th Cir. 1983)).

¶ 23    In *Frey*, the United States District Court for the Central District of Illinois (No. 10-cv-1062; 2012 WL 12892185) found, and the Seventh Circuit Court of Appeals affirmed, that a commercial property owner, whose tenant had its liquor license and site approval for the retail sale of alcohol on the property revoked, did not have a protected property interest in the site approval under the due process clause of the Fourteenth Amendment. *Frey*, 2012 WL 12892185, at * 2-3; 735 F.3d at 512. The Seventh Circuit Court determined that site approval for the retail sale of alcohol on the property was not a protected property right under the due process clause because it was meager, transitory, and uncertain in that it relied upon a revocable liquor license for its continued existence and was dependent upon the actions of a third-party licensee. *Frey*, 735 F.3d at 510-12.

¶ 24    The same reasoning applies here. The ability of AZ to have a tenant use its property to sell tobacco products was not a protected property right under the due process clause of the Fourteenth Amendment because it was meager, transitory, and uncertain in that it relied upon a tobacco license, that was subject to revocation, for its continued existence and was dependent upon the actions of a third-party licensee. Because AZ fails to identify a property interest that is constitutionally protected, denying AZ standing to challenge the constitutionality of section

4-64-935(c) does not constitute a deprivation of property without due process of law.

¶ 25                                    B. Failure to State a Claim

¶ 26    Moreover, even if AZ had standing to challenge the constitutionality of section 4-64-935(c), it failed to allege a plausible substantive due process claim. "When a statute is challenged based upon substantive due process grounds, the threshold question is whether the statute restricts or regulates a fundamental right." *Hayashi v. Illinois Dept. of Financial & Professional Regulation*, 2014 IL 116023, ¶ 28. Section 4-64-935(c) does not restrict or regulate a fundamental right. "When the challenged statute does not affect a fundamental constitutional right, the appropriate test for determining its constitutionality is the high deferential rational-basis test." *People v. Maillet*, 2019 IL App (2d) 161114, ¶ 42. Under the rational basis test, a statute will be upheld "if it bears a rational relationship to a legitimate legislative purpose and is neither arbitrary nor discriminatory." *People v. Gray*, 2017 IL 120958, ¶ 60.

¶ 27    We find that section 4-64-935(c) is neither arbitrary nor discriminatory and is rationally related to the legislature's legitimate interest in protecting the public, and especially minors, from the illegal sale of tobacco products. Accordingly, we hold that section 4-64-935(c) does not violate substantive due process under the Illinois and United States Constitutions.

¶ 28                                    III. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 30    Affirmed.